IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LULA WESTBROOK, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  No. 3:24-cv-00901-S (BT) |
| | § |
| LOUIS DEJOY, et al. | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* litigant Lula Westbrook filed a document captioned as a "USPS Headquarters Postal Customer Council Complaint," listing Louis Dejoy, the United States Postmaster General, and other individuals presumably affiliated with the United States Postal Service (USPS) as defendants. ECF No. 3. Westbrook's allegations, in their entirety, are as follows:

> Action is brought by Lula Westbrook against the USPS Headquarters Postal Customer Council, Motion for video hearing to prevent the ongoing violation of Plaintiff's Constitutional rights . . . include USDC emergency file the right to Due Process.

ECF No. 3 at 1.

Westbrook's complaint is frivolous and fails to state a claim. Therefore, the Court should dismiss it under 28 U.S.C. § 1915(e)(2)(B), unless Westbrook explains—in objections to this recommendation—what material facts she could include in an amended complaint to overcome the deficiencies identified below and make her claims plausible.

**Legal Standards**

Because Westbrook did not pay the filing fee, the Court presumes that she seeks leave to proceed *in forma pauperis* (IFP). *See*, *e.g.*, *Cole v. Office of Clerk*, 2021 WL 3024857 (N.D. Tex. June 8, 2021), *rec. accepted* 2021 WL 3023394 (N.D. Tex. July 16, 2021). As such, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citing *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998)).

**Analysis**

The Court should dismiss Westbrook's complaint under § 1915(e)(2)(B) because it is frivolous and fails to state a claim.

2

First, Westbrook simply alleges constitutional violations without supporting facts. But a civil rights plaintiff—even one proceeding *pro se*—must support her claims with specific facts showing a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Indeed, "[a]n IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts . . . is a prime candidate for dismissal under § 1915[e]." *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990); *see also Lee v. Att'y Gen.*, 2013 WL 12394347, at *9 (W.D. Tex. May 14, 2013), *rec. accepted* 2013 WL 12394360 (W.D. Tex. June 13, 2013) (same).

Here, Westbrook's complaint lacks basic factual detail such as what the defendants did that allegedly violated her rights. Thus, her complaint is frivolous and should be dismissed. *See, e.g.*, *Ireland v. Ward*, 2023 WL 9103066, at *2 (W.D. Tex. Dec. 6, 2023), *rec. accepted* 2024 WL 57013 (W.D. Tex. Jan. 3, 2024) ("Plaintiff's Fifth Amendment due process claim should also be dismissed as reciting bare legal conclusions with no suggestion of supporting facts.")

Second, to the extent that Westbrook sues the USPS or the Postmaster General in his official capacity, such claims are—in the absence of a waiver—barred by sovereign immunity and therefore premised on an indisputably meritless legal theory and accordingly frivolous. *See Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) ("A claim against a defendant who is immune from suit is frivolous because it is based on an indisputably meritless legal theory.") The principle of sovereign immunity means that the United States (including federal agencies like USPS)

3

cannot be sued unless it expressly consents to be sued by an act of Congress. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It is the plaintiff's burden to show Congress's unequivocal waiver of immunity, *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994), and Westbrook fails to meet that heavy burden. *Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be lightly inferred . . . ").

And last, if Westbrook seeks monetary damages from a federal actor in his or her individual capacity under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), such a claim is also without arguable legal merit, at least as pleaded. The United States Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times: (1) in *Bivens*, to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable searches and seizures" in violation of the Fourth Amendment; (2) in *Davis v. Passman*, 442 U.S. 228, holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and, (3) in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017).

The Supreme Court has developed a two-part test to determine whether a *Bivens* claim may proceed. *Abbasi*, 137 S. Ct. at 1843. Because *Bivens* is a judicially-

crafted remedy and not a statutory one like § 1983, courts should consider: (1) whether the case "presents a new context" and, if it does; (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb,* 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity (internal citations and quotations omitted)). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa,* 140 S. Ct. 735, 744 (2020), and has repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi,* 137 S. Ct. at 1857; *see also Oliva v. Nivar,* 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an 'ancient regime' that freely implied rights of action" and that "ended long ago"), *cert. denied,* 141 S. Ct. 2669 (2021).

Westbrook has not alleged any facts from which the Court could conclude that—if she is bringing a *Bivens* claim—it is cognizable. She has not shown that the factual premise of her claim is the same as a case in the *Bivens* trilogy. Nor does she show that special factors would not counsel against extending *Bivens* to a new factual context.

In sum, because Westbrook fails to allege any facts in support of her claim, and because her claims are either barred or not cognizable, her complaint is frivolous and fails to state a claim upon which relief can be granted. The Court should dismiss her complaint with prejudice under § 1915(e)(2)(B).

## Leave to Amend

Generally, the court should offer a *pro se* litigant an opportunity to amend her complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded her "best case." *Id.* "A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint." *Wiggins v. Louisiana State Univ.—Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citing *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008)) (further citation omitted). And while a court should freely grant leave to amend when justice so requires, "a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted).

The opportunity to file objections to this recommendation (explained in further detail below) gives Westbrook—now having been advised of the deficiencies in her complaint—a chance to plead her best case by stating what material facts she would include in an amended complaint to overcome those deficiencies and make her claims plausible. *See Wiggins*, 710 F. App'x at 627 ("A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court.").

**Recommendation**

Unless Westbrook explains in objections to this recommendation what material facts she would include in an amended complaint to overcome the deficiencies identified here and make her claims plausible, the Court should dismiss her case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

May 2, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).